**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NICOLE L.D.,

                      Plaintiff,

    v.                                     5:23-cv-00517 (AMN/CFH)

COMMISSIONER OF SOCIAL
SECURITY,

                      Defendant.

---

APPEARANCES:                                **OF COUNSEL:**

**NICOLE L.D.**
8418 Theodolite Drive
#722
Baldwinsville, New York 13027
*Pro Se Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**        **VERNON NORWOOD, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

On April 27, 2023, Plaintiff Nicole L.D.[1] commenced this action pursuant to

42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social

Security ("Commissioner") denying her application for a period of disability, disability insurance

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to
protect her privacy.

benefits, and supplemental security income under the Social Security Act.  *See* Dkt. No. 1 ("Complaint").

This matter was referred to United States Magistrate Judge Christian F. Hummel, who, on August 19, 2024, recommended that the Court grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 13, deny Plaintiff's reply brief requesting "acknowledgement to relief [of her] social security of earnings," Dkt. No. 20, and affirm the Commissioner's decision.  *See* Dkt. No. 26 ("Report-Recommendation").  Magistrate Judge Hummel advised that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 28.[2]   Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc.*

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

*Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).   After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Hummel concluded that the Commissioner's decision complied with the relevant legal standards and was supported by substantial evidence.  *See* Dkt. No. 26 at 9-10.  First, Magistrate Judge Hummel noted that Plaintiff's allegations were "indecipherable," and failed to make any specific legal challenges to the validity of the Commissioner's decision.  *Id*. at 9 (citing *Whitehurst v. Comm'r of Soc. Sec.*, No. 6:06-CV-0261 (LEK/DRH), 2008 WL 724164, at *6 (N.D.N.Y. Mar. 17, 2008); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)).  Nevertheless, Magistrate Judge Hummel independently concluded that the Administrative Law Judge ("ALJ") properly applied the five-step sequential process undertaken when conducting a disability analysis, and that substantial evidence supported the ALJ's determination at each step.  *Id.* at 10.  In the course of his analysis, Magistrate Judge Hummel found no error in the ALJ's assessment of various medical opinions, including specifically those opinions from certain consultative examiners who observed Plaintiff.  *Id.* at 16.  Magistrate Judge Hummel also determined that the ALJ properly considered the evidence in the record that Plaintiff could perform "a range of light work with [certain] minor manipulative restrictions."  *Id.* at 19.  Thus, Magistrate Judge Hummel concluded that substantial evidence supported the ALJ's finding that Plaintiff retained residual functional

capacity sufficient to perform certain work and had accordingly not suffered a disability as defined in the Social Security Act. *Id.* at 14-22, 27 (citing, *inter alia*, *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022)).

The Court agrees with Magistrate Judge Hummel for the reasons set forth in the Report-Recommendation. *See, e.g.*, *Warren v. Comm'r of Soc. Sec.*, No. 3:15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it") (citations and internal quotations omitted), *report and recommendation adopted,* 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 26, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 10, 2024
      Albany, New York

Anne M. Nardacci
U.S. District Judge